## Traut v. Carter.

(Decided February 11, 1927.)

### Appeal from Edmonson Circuit Court.

1.   Names—Plaintiff's Violation of Statute Against Doing Business Under Assumed Name is no Defense to Action on Contract with Defendant (Ky. Stats., Sections 199b-1, 571).—That plaintiff failed to comply with Ky. Stats., sections 199b-1, 571, in doing business in name of corporation that had been dissolved and in failing to file required statement, is no defense to action on contract with defendant for towing charges.

2.   Trial—Action at Common Law was not Transferable to Equity Docket for Omissions in Contract with Company, Not Party to Action, which Could Not be Reformed Therein.—In action for contract price of work done, allegations by defendant that provisions of contract with company, not party to action, had been mistakenly and fraudulently omitted, which contract could not be reformed in action, stated no ground for transferring case to equity docket, and it was error to refuse to transfer action to ordinary docket.

THOMAS, THOMAS & LOGAN for appellant.

JOHN A. LOGAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

F. J. Traut brought this suit against W. W. Carter, alleging in his petition that on March 1, 1923, he entered into a contract with the defendant by the terms of which

the plaintiff agreed to do certain towing on Green river and Bear creek for the defendant, and the defendant agreed to pay the plaintiff for towing coal $1.00 a ton, and for other freight 50c for each 100 pounds; that pursuant to the contract he towed for the defendant certain tons of coal and other freight amounting, at the contract price, to $961.75, the particulars of which were set out in the petition, and that the defendant had paid no part of the money. By his answer the defendant denied the allegations of the petition. He pleaded that he had entered into a contract with the Natural Rock Asphalt Corporation, by which it agreed to pay for the towing sued for, but that by fraud and mistake this had been omitted from the written contract made with that company and that he made no contract with the plaintiff. He also pleaded that the plaintiff was carrying on and transacting his business under the assumed name of the Beardstown Navigation Company, which was not the real name of plaintiff or any person engaged in the business, in violation of section 199b, Kentucky Statutes; that Traut had not filed in the office of the county clerk a statement setting forth the name of the persons owning or transacting the business and that, if the court should determine that the Beardstown Navigation Company was a corporation, it had not filed in the office of the secretary of state the statement required by section 571, Kentucky Statutes. By another paragraph he alleged negligence on the part of the plaintiff in transporting certain of the freight and prayed damages therefor as a counterclaim. The suit was brought at common law, but by an error of the clerk was placed on the equity docket. The plaintiff moved the court to transfer the case to the common law docket. The court overruled the motion and the case being submitted entered a judgment dismissing the plaintiff's petition.

The ruling of the court in dismissing the plaintiff's petition because he had failed to comply with section 199b, Kentucky Statutes, followed the decision of this court in Hunter v. Big Four Auto Co., 162 Ky. 778, which has been followed in several subsequent cases. But these cases were overruled in Hayes v. Providence Citizens' Bank & Trust Co., 218 Ky. 128, — S. W. —. In that case it was held that the failure of the plaintiff to comply with this statute rendered the plaintiff liable to a fine, but that the statute does not make void contracts made

by plaintiff before he has complied with the statute. The Beardstown Navigation Company was a corporation created in Illinois. It had been dissolved in 1921. The plaintiff in doing business in this name was violating section 199b, Kentucky Statutes, but this is not a defense to the action.

The circuit court erred in refusing to transfer the action to the ordinary docket. It was simply an ordinary action upon a contract to recover the contract price for the work done. The allegation of the defendant that he had a written contract with the Rock Asphalt Company, and that by mistake and fraud certain provisions were left out of that contract, stated no ground for transferring this case to equity, for the Rock Asphalt Company was not a party to this action and its contract with the defendant could not be reformed in this action. On the return of the case an order will be entered transferring the action to the ordinary docket.

Judgment reversed and cause remanded for further proceedings consistent herewith. Judge Logan not sitting.